UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA MELENDEZ,

    Plaintiff,

v.

MICHAEL V. ASTRUE, Commissioner of Social Security,

    Defendant.

MEMORANDUM & ORDER

No. 08 Civ. 6374 (LBS)

---

SAND, J.

    Plaintiff Angela Melendez commenced this action against Michael V. Astrue, Commissioner of Social Security (the "Commissioner"), seeking review of the Commissioner's finding that Plaintiff was not disabled between December 2003 and October 26, 2004. On December 17, 2003, Plaintiff filed applications for widow's insurance benefits and social security income ("SSI"), alleging that she became disabled as of December 5, 2003. Both applications were denied upon initial review. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The hearing was held on September 15, 2005. On September 30, 2005, the ALJ issued a decision finding that Plaintiff was disabled as of October 26, 2004 but was not disabled prior to that date. The Appeals Council denied Plaintiff's request for review on May 22, 2008, making this decision final. Plaintiff then brought this action in federal court. Now before the Court is the Commissioner's Motion for Judgment on the Pleadings and Plaintiff's Cross-Motion

to Reverse the Commissioner's Decision. For the following reasons, we reverse the Commissioner's decision and remand for further proceedings.

## I. Standard of Review

The Court of Appeals for the Second Circuit has described a five-step process through which the Commissioner is to make a disability determination. *See Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999). First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Second, where the claimant is not so engaged, the Commissioner considers whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to perform basic work activities. Third, if the claimant suffers such an impairment, the Commisioner inquires whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner presumes that the claimant is unable to perform substantial gainful activity. Fourth, if the claimant does not have a listed impairment, the Commissioner determines whether he or she has the residual functional capacity, despite the claimant's severe impairment, to perform his or her past work. Finally, if the claimant is unable to perform his or her past work, the burden then shifts to the Commissioner to determine whether there is other work that the claimant could perform. *Id.*; *Balsamo v. Chater*, 142 F.3d 75, 79-80 (2d Cir. 1998).

A district court's review of an SSI determination involves two levels of inquiry. First, the court determines whether the Commissioner applied the correct legal principles. *Tejada*, 167 F.3d at 773. Next, the court examines the record to determine whether the Commissioner's decision is supported by substantial evidence. *Id.* Substantial evidence

is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand for further proceedings is the usual remedy when the record is incomplete or the ALJ has committed a legal error. *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000); *McClain v. Barnhart*, 299 F. Supp. 2d 309, 329 (S.D.N.Y. 2004).

## II. Discussion

In the instant case, the ALJ determined that during the relevant period[1] Plaintiff's physical ailments were not severe impairments. (R. at 27.)[2] The ALJ found that Plaintiff's adjustment disorder was a "severe impairment" but it did not meet or equal the criteria of a listed impairment. (R. at 28.) Furthermore, the ALJ found that Plaintiff could perform unskilled, routine light work activity and could perform certain jobs in the national economy. (R. at 28-29.) Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant period. Plaintiff alleges that the ALJ committed numerous legal errors and that this decision must be reversed and remanded for further proceedings.

### a. Weight of Treating Physicians' Opinions

The Court of Appeals for the Second Circuit has held that a treating physician's opinion "will be accorded controlling weight when it is well-supported by medically

---

[1] The Commissioner determined that Plaintiff was disabled as of October 26, 2004; her disability since that date is not at issue. The relevant period in the instant case is December 2003, when Plaintiff initially filed for benefits, to October 26, 2004, when the ALJ determined she was disabled.

[2] All citations to the "Record" refer to the certified copy of the hearing record attached to the Commissioner's Answer, which the Commissioner is required to file pursuant to 42 U.S.C. § 405(g).

3

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Diaz v. Shalala*, 59 F.3d 307, 309 (2d Cir. 1995) (internal citations and quotations omitted); *see also Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993). Generally, more weight is given to an opinion from a treating source. *Murray v. Astrue*, No. 07 Civ. 10637 (HB), 2008 WL 4580020, at *6 (S.D.N.Y. Oct. 14, 2008) (*citing Schisler*, 3 F.3d at 567). When a treating physician's opinion is not given controlling weight, various factors are used to determine what weight to give the opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. *Schisler*, 3 F.3d at 567. The Commissioner must provide "good reasons" for the weight it gives the treating source's opinion. *Schaal v. Apfel*, 134 F.3d 496, 503-04 (2d Cir. 1998).

Plaintiff alleges that the ALJ erred in not giving controlling weight to Dr. Maker, a neurologist who began treating Plaintiff in October 2003. Dr. Maker's August 31, 2005 report concluded that due to Plaintiff's impairments and subsequent pain, Plaintiff had a less than sedentary functional capacity. (R. at 594-98.) Dr. Maker found that in an eight hour work day Plaintiff could continuously sit or stand for up to 3 to 4 hours and walk up to 2 hours. (R. at 596.) The ALJ concluded that Dr. Maker's report was not credible. The ALJ found that "there is simply nothing about the claimant's diagnosed conditions that would logically have an effect on her ability to sit, stand or walk. Dr. Maker's statement to the contrary undermines the veracity of everything else he has to say about

his condition—and calls into question whether he is merely parroting what the claimant told him to put on the form." (R. at 27.)

Dr. Maker's treatment notes during the relevant period indicate that Plaintiff had full motor power of all of her joints. (R. at 484, 490, 505.) As the ALJ noted in his decision, Dr. Maker only "recently" reported that Plaintiff's ability to stand, walk and sit was limited. But where there are inconsistencies in the record, the ALJ has an affirmative duty to seek out additional information from the treating physician and develop the record accordingly. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). In the instant case, Dr. Maker's previous assessments regarding Plaintiff's functionality are inconsistent with Dr. Maker's August 31, 2005 report. However, the ALJ had an affirmative duty to seek further evidence from the doctor regarding this contradiction, rather than utilize this fact to discredit Dr. Maker's 2005 report. *See Murray*, 2008 WL 4580020, at *7-8 (holding that where the treating physician's later determination that the claimant had a limited ability to sit, stand or walk was contradicted by that same physician's earlier opinion, the ALJ had an affirmative duty to seek out more information from the physician and develop the record accordingly).

The ALJ also committed legal error in failing to explain the limited weight he gave Dr. Marinas's reports. Failure to provide reasons for rejecting the treating physician's opinion is a proper basis for reversal and remand. *Johnson v. Bowen*, 817 F.2d 983, 985-86 (2d Cir. 1987); *Mellilo v. Astrue*, 06 Civ. 0698, 2009 WL 1559825, at *11-12 (N.D.N.Y. Jun. 3, 2009). Dr. Marinas, a psychiatrist, began to treat Plaintiff in 2003 and continued to treat her throughout the relevant time period. (Pl. Opp. 12.) Dr. Marinas concluded that Plaintiff suffered from major depression disorder, and that she

had marked limitations in social functioning and poor concentration. (Pl. Opp. 13.) The ALJ concluded that Plaintiff suffered not from major depression disorder but from adjustment disorder. (R. at 26.) Relying on expert testimony, the ALJ concluded that because her disorder was symptomatic of external factors, specifically her son's abusive nature, adjustment disorder was the proper diagnosis. (R. at 26.) The ALJ failed to provide any reason, let alone "good reasons," for the limited weight he afforded Dr. Marinas's diagnosis. *Rosa*, 168 F.3d at 79. Rather, his decision appears to weigh the dueling diagnoses as equals, ultimately finding the adjustment disorder diagnosis more persuasive. (R. at 25-26.) We find that the ALJ erred both in failing to provide reasons for the weight he afforded Dr. Marinas's opinion and for failing to develop the record when confronted with the inconsistencies in Dr. Maker's report. We reverse the Commissioner's decision and remand for further proceedings.

### b. Affirmative Duty to Develop the Record

Plaintiff alleges that the ALJ failed to fully develop the administrative record regarding her obesity. The Commissioner will "consider only impairment(s) which you say you have or about which we have evidence." 20 C.F.R. § 404.1512(a). Accordingly, an ALJ has the duty "to investigate the disabling effects of an impairment if the record contains evidence indicating that such an impairment might exist." *Prentice v. Apfel*, 11 F. Supp. 2d 420, 426 (S.D.N.Y. 1998). This duty exists regardless of whether or not the claimant cites the impairment as a basis of his or her disability claim. *Id.* Although the ALJ has an affirmative duty to develop the record, this duty only arises if the record indicates that the impairment might exist. *Kleinman v. Barnhart*, No. 03 Civ. 6035 (GWG), 2005 WL 820261, at *9 (S.D.N.Y. Apr. 8, 2005). Where the court finds that

"the record presents only the barest suggestion" of an impairment, the duty is not triggered. *Id.* at *10; *see also Pena v. Astrue*, No. 07 Civ. 11099 (GWG), 2008 WL 5111317, at *8-9 (S.D.N.Y. Dec. 3, 2008) (finding the prescription of an antidepressant insufficient to trigger the ALJ's duty to develop the record regarding potential mental impairments).

Plaintiff's obesity is mentioned at least two times in the record. On October 23, 2003, Plaintiff complained about abdominal pain and the doctor noted that her abdomen was obese. (R. at 206). On July 22, 2004, the doctor noted in the general description that Plaintiff was "mildly obese." (R. at 263.) Plaintiff's usual height and weight is five feet two inches and one hundred and eighty pounds. (R. at 622.) In the ALJ's decision he noted that she was at her usual height and weight but made no other comment on her obesity. (R. at 23.) Having already concluded that the Commissioner's decision must be reversed, we need not determine whether the evidence in the record triggers the ALJ's affirmative duty. We leave it to the ALJ on remand to determine whether given the evidence in the record and the issues raised on this appeal it may be prudent to address the issue of Plaintiff's obesity.[3]

### III. Conclusion

The Commissioner's motion for judgment on the pleadings is denied. Plaintiff's cross-motion to remand for further proceedings is granted.

SO ORDERED.

Dated: Jan. 20, 2010
New York, NY

U.S.D.J.

---

[3] We have reviewed Plaintiff's remaining challenges to the Commissioner's decision and do not find any additional legal errors.